| | |
|---|---|
| **From:** | Evan Karnes II |
| **To:** | Proposed_Order_Jenkins; Samuel J.H. Weyers |
| **Cc:** | Janet Pioli; Everardo Martinez; Kim Raffensparger; Derek Showman; Ron Kowalczyk |
| **Subject:** | RE: Revised Jury Instructions (Draft for JI Conference) |
| **Date:** | Wednesday, July 15, 2026 10:31:38 PM |

**CAUTION - EXTERNAL:**

Judge Jenkins chambers and all:

LCP has reviewed the proposed final jury instructions from the JI Conference and raises the following comments/observations for further clarification /modification:

1. Instruction #34- page 36- line 2 of paragraph 1 should likely be edited to delete: "research or develop" . Paragraph 2, line 2, end of the line, should likely be edited to delete: "develop" and replace with acquire, for consistency among / across the instructions. LCP doesn't seek development or research damages, and no such evidence was presented.

2. LCP doesn't seek "lost sales" in its damages. Thus, the exemplar in paragraph two – beginning: "These two…" 9 lines down, line beginning: "do not overlap…" for consistency, should delete "lost sales" and replace with "costs of acquisition", and in the following line, delete "made the sales" AND instead inset for "lost sales"- "you awarded LCP costs of acquisition" in another category, those same "costs of acquisition" …

3. Instruction #38- first line of bullet point 1 should be deleted for consistency- the parties agree that the EEA was a valid and enforceable contract.

4. Instruction 41, page 44, "1."- it is not disputed that Defendant Mr. Meitzler was a Sr. Vice President of Sales of LCP. The line should be changed to state: The parties agree that during all relevant events in this litigation, up to September 1, 2023, Defendant Mr. Meitzler was a Sr. Vice President of Sales of Lake County Press and an agent of LCP, and delete the statement that "LCP must prove..." through the end of the sentence- for consistency with the other stipulations on the agreement's validity and Mr. Meitzler's position, and the stipulations and evidence.. Number 2 should likewise delete "employee" and state "a Sr. Vice President of Sales"

5. Instruction 43, page 46., at paragraph :1."- should be deleted for consistency and replaced with: The parties agree that the LCP/Meitzler Executive Employment Agreement is a valid and enforceable contract

6. Instruction 49, page 52- bullet #1- first line should be deleted (perhaps oversight in editing) as there is no dispute that the agreement is valid and enforceable, leaving just the second sentence.
   ADDITIONALLY- either here or in the following instruction #48- there needs to be a note that a finding of a breach of the IWPCA and an award of damages should cross reference Instruction 35, or at least adopt some portion of that instruction's statement against double discovery- versus Instruction 49- Perhaps:

   The approach to damages under Mr. Meitzler's claimed damages for breach of his Executive Employment Agreement by LCP and his claim for violation of the Illinois Wage Payment and Collection Act in some ways overlap. In that situation, the two ways of approaching damages described in this and the prior/subsequent (depending on the Court's preference) instruction would measure the identical damages, whether viewed as LCP's failure to pay commissions due under LCP's commission policy or failure to pay commissions earned under the terms and conditions of the LCP commission policy and Mr. Meitzler's Executive Employment Agreement. Thus, you may

include damages as to Mr. Meitzler's claims of breach of contract and breach/violation of the IWPCA, if and only if they do not overlap in any way. Thus, it you were to include failure to pay commissions that had been earned pursuant to the LCP commission policy and Mr. Meitzler's Executive Employment Agreement, the value of those same claimed earned commissions must be excluded from any calculation of a Mr. Meitler's claims for breach of the LCP Executive Employment Agreement and the LCP Commission Policy. The Court has found that LCP's Commission Policy terms met the requirements of the Illinois Wage Payment and Collection Act.- See Instruction #35- Avoiding Double Recovery as to LCP claims, for the template language.

We ask the Court to address the earlier argument at MSJ briefing: that we did not deduct or adjust commissions without Mr. Meitzler's consent, rather we adjusted them pursuant to our LCP Commission policy if not paid in full, on time, with no credits/reductions, which this Court has previously ruled met the requirements of the IWPCA. Therefore:

7. If the court gives instruction 47, with or without LCP notes, comments and objections above/contained herein/or at the record jury instruction conference, line "2" should be deleted, as Mr. Meitzler confirmed that he agrees that the EEA, the Executive Employment Agreement is valid and binding. This Court has previously ruled that the LCP Commission Policy meets the requirements of the IWCPA, and there is no evidence that LCP required ANY additional consent, beyond his execution of the EEA and its agreement that he be bound by the EEA, to adjust commissions per the policy. As the only uncontested evidence and testimony establishes, following close of Plaintiff and Defendant's cases today, there were no commissions that Mr. Meitzler was due and owing, under the LCP Commission Policy, as of the date that Mr. Meitzler resigned "effective" September 1, 2023.

LCP understands that this follows a jury instruction conference with the Court at the conclusion of evidence today, however, LCP requests that the Court address these issues and resolution of them at the Court's reconvening at 9:15 on Thursday July 16, 2026, prior to any return of the jury and sufficiently prior to this Court requiring counsel to present Closing Argument to allow all counsel to accommodate/incorporate the Court's rulings/decisions on instructions in closing arguments.

LCP thanks the Court for its continuing courtesies to all parties.

Regards,

Evan B. Karnes, II

Karnes Law Chartered

177 North State Street
Chicago, Illinois 60601
312-629-8900-phone
312-629-0109-facsimile
312-405-8900-cell
Evan@KarnesLaw.com

This message or the accompanying attachments contains information from the law firm of Karnes Law Chartered., which is proprietary, confidential or may contain privileged information. This message and any attachments are intended solely for the use of the individual(s) or entity(ies) to whom it is addressed or their agents. If you are not an addressee, intended recipient

or an authorized agent, who is responsible for delivering this message to a designated addressee, you have received this email in error. Any further review, dissemination, distribution, copying, forwarding or use of the contents of this message or any attachments or the information contained therein, in any fashion, is strictly prohibited. **If you have received this message in error, please immediately call Karnes Law Chartered., collect, at the number above, to arrange the retrieval of any information, documents or messages, at no cost to you or to receive advice on the manner of appropriate disposal and deletion of the message, attachments or information. Thank you**.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.