**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LAKE COUNTY PRESS, INC.**, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS MEITZLER**, an Illinois resident, and **THE GRAPHIC ARTS STUDIO, INC.**, an Illinois Corporation,<br><br>Defendants. | Civil Case No.: 1:23-CV-10066<br>Judge Lindsay C. Jenkins<br><br>**Post Trial** |

## LAKE COUNTY PRESS, INC.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO SET AMOUNT OF SANCTIONS

Lake County Press, Inc. ("LCP") by its counsel in this matter, Evan B. Karnes, II, of Karnes Law Chartered, in response to Defendants' motion to set amount of sanctions files this response.

### The Order That Granted Defendants' Motion for Sanctions for Attorney's Fees Should be Reconsidered in Part

Defendants sought sanctions against LCP for failure to timely comply with discovery of LCP's identification and production of documents to establish LCP's calculations of potential commission deficit Defendant Mr. Meitzler may have owed LCP upon his resignation and LCP's methodology of calculation of Mr. Meitzler's potential commissions earned for sales that complied with LCP's Commission Policy and Mr. Meitzler's Executive Employment Agreement (the "EEA"). The discovery sought by counsel for Mr. Meitzler was irrelevant, not material to and not probative of any claim by co-defendant Graphic Arts Studio, Inc. ("GAS") in this matter. The only party who had a right to seek discovery or sanctions for a violation of that discovery was Mr.

Meitzler. As a result, this Court should reconsider its prior opinion and restrict any grant of sanctions in the form of attorneys' fees solely to Mr. Meitzler.

**Defendant Meitzler's Pleadings Set Up an Affirmative Defense and Counterclaims for Breach of Contract and Violations of the Illinois Wage Payment and Collection Act. All Defendant Meitzler's Claims Required Proof that LCP Failed to Pay Commissions to Defendant Meitzler Pursuant to LCP's Commission Policy or the IWPCA**

Proof of any of Mr. Meitzler's claims, whether the affirmative defense, the alleged breach of the EEA by LCP or a violation of the IWPCA, would have required Mr. Meitzler's counsel to review all of the LCP records related to all of Mr. Meitzler's claimed sales during his employment with LCP that met LCP's Commission Policy. Only upon a review of all such documents, would Mr. Meitzler and his counsel have been able to verify whether, as LCP pleaded, Mr. Meitzler had a commission deficit upon his resignation that LCP was entitled to audit and recover under the EEA; or whether LCP had not paid Mr. Meitzler commissions he earned for sales to LCP clients that met the requirements of the LCP Commission Policy or the IWPCA.

LCP conceded that its initial miscalculation of the basis of any deficit in Mr. Meitzler's draw against earned commissions was based on a mistake in application of the correct version of its amended Commission Policy. As LCP's lead trial counsel, that confusion resulted from my inadvertent oversight, as raised previously. However, LCP's concession does not change that if Mr. Meitzler's alleged claims had any factual basis, Mr. Meitzler's counsel would have needed to review all of the LCP Commission Policy related reports and all of the relevant LCP client Accounts Payable or Accounts Receivable records to verify if, when, and under what circumstances LCP may not have correctly applied the Commission Policy, OR may have violated the IWPCA. This is exactly what Mr. Meitzler's counsel reports that he did, between January 2025 and August 2025. Initially his review was limited to materials they sought with regard to the misapplication of LCP Commission Policy to various sales, however upon verification that the

policy was indeed mistakenly applied, Mr. Meitzler's counsel expanded their requests. LCP produced the data and Mr. Meitzler's counsel reviewed the additional records in an effort to establish either Mr. Meitzler's affirmative defense and/or one or both of his counterclaims.

LCP has conceded that its error caused a need for a second deposition and some level of additional preparation for that deposition. However, Mr. Meitzler's counsel's motion to set an amount of sanctions for attorney's fees incurred to perform the work they would have been required to perform, as their duty of diligent representation, originally sought one hundred percent (100%) of all fees related to their (1) formulating the initial requests for production, (2) their review of that production AND their formulation of the supplemental production in July and August 2025, and (3) a review of that production, a total of $51,032.50, which included $3,150.00 for drafting a portion of the Statement of Additional Material Facts for the Motion for Summary Judgment. Mr. Meitzler's counsel's revised request seeks Seventy-Two percent **(72%)** of ***all*** their fees incurred between January 6, 2025, and August 19, 2025, together with additional fees related to the briefing on the Motion for Sanctions, Review of LCP's Reply and briefing on LCP's Motion for Summary Judgment. This is ludicrous.

**Mr. Meitzler First Provided a Claimed Basis for and Amount of His Alleged Unpaid or Underpaid Commissions at the Final Pre-Trial Conference and Post Conference Briefing.**

**Illinois had Rejected the Sole Legal Basis for Defendant Meitzler's Affirmative Defense of Prior Material Breach as Early as 1967**

Mr. Meitzler and his defense counsel attempted to build a case that LCP had breached, as discussed above, and that such breach occurred at an undefined time, but at least months prior to Meitzler's initial solicitation and competition for LCP clients to move to GAS occurred in June-August 2023.

To build that case, Mr. Meitzler's counsel had to perform the exact work for which he now

seeks an award of attorneys' fees against LCP. Mr. Meitzler's affirmative defense that LCP was guilty of a prior material breach and claim and that because of such breach, LCP had no right to enforce the EEA; and similarly, because of LCP's breach, Mr. Meitzler had no obligation to fulfill his obligations under the EEA, including his duties of loyalty, fiduciary duty, non-compete, non-solicitation, and the related duties was rejected as early as 1967. See *South Beloit Electric Co. v. Lar Gar Enterprises, Inc.,* 80 Ill. App. 2d 367, 375 (Ill. App. 2nd Dist., 1967), citing Williston, Contracts, §683 (3d ed 1961) and earlier versions of hornbook law that rejected the ability to accept the fruits of a contract while rejecting his obligations to perform under the contract as well.

Mr. Meitzler's claim that LCP committed a prior material breach was irrevocably waived by his choice to continue to perform the contract [EEA], and to continue to accept his ongoing draw against commission instead of terminating performance and filing suit on his contract. Nevertheless, having pleaded that argument in his answer, affirmative defenses and counterclaims, Mr. Meitzler's counsel would have been required to review all the exact same documents he reviewed between January 2025 and August 2025.

**LCP's Offer of $9,534.45 Is An Adequate Sanction and Should Be Limited to Mr. Meitzler**

Mr. Meitzler's counsel's first session of LCP's Director of Accountings deposition ran over four hours with minimal breaks. Mr. Meitzler's counsel's second session of LCP's Director of Accounting ran another four and a half hours for a total of nine and a half hours, approximately. Mr. Meitzler's counsel focused solely on Mr. Meitzler and his right to compensation or LCP's application of its commission policies to Mr. Meitzler and related employment/pay issues. This Court should not award any greater amount of attorney's fees than LCP has offered and should revise its prior order (DKT #167, PageID#4802-4804 to reflect these are only awarded as to Mr. Meitzler's counsel for Mr. Meitzler's defense.

## CONCLUSION

For the foregoing reasons, Lake County Press, Inc., respectfully requests that this honorable Court grant no greater than $9,534.45 in any attorneys' fees and revise its earlier Memorandum and Order (DKT#167) to reflect such fees are only recoverable by Mr. Meitzler for his counsel and not awarded to Graphic Arts Studio, Inc. and grant Lake County Press, Inc. such other, further legal and equitable relief as may be just and appropriate under the circumstances.

Dated: August 17, 2026

Respectfully submitted,

By: /s/Evan B. Karnes, II
Evan B. Karnes, II (IL Bar No. 3122359)
Janet A. Pioli (IL Bar No. 6187783)
Everardo Martinez (IL Bar No. 6281970)
KARNES LAW CHARTERED
177 N. State Street, Floor 3
Chicago, Illinois 60601
(312) 629-8900
evan@karneslaw.com
janet@karneslaw.com
everardo@karneslaw.com

*Attorneys for Plaintiffs*
*LAKE COUNTY PRESS, INC.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed with the Clerk of Court using the CM/ECF system, which sent notification to the following, on August 17, 2026:

Ronald B. Kowalczyk (IL Bar No. 6274373)
Samuel J.H. Weyers (IL Bar No. 6307309)
Buckley Fine, LLC
201 S. Grove Ave., 4th Floor
Barrington, Illinois 60010
(847) 381-0011
rkowalczyk@buckleyfinelaw.com
sweyers@buckleyfinelaw.com

By: */s/ Everardo Martinez*